UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ERIC GARDNER,**<br><br>Plaintiff**,**<br><br>vs.<br><br>**JOSEPH R. BURTCH and UNKNOWN PSYCHOLOGIST,**<br><br>Defendants. | 20-CV-11001-TGB<br><br>ORDER DIRECTING PLAINTIFF TO (1) PREPAY THE FILING FEE OR TO SUBMIT A PROPER APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) SHOW CAUSE WHY HIS COMPLAINT SHOULD NOT BE SUMMARILY DISMISSED |

Plaintiff Eric Gardner, a Michigan prisoner at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* complaint for money damages. Plaintiff did not prepay the filing fee for this action, nor submit a signed application to proceed *in forma pauperis*. Accordingly, the Court is directing Plaintiff either to prepay the filing fee or to submit a signed and completed application to proceed without prepaying the fees and costs for this action. Further, because Plaintiff's complaint appears to be time-barred, the Court is ordering Plaintiff to show cause why his complaint should not be summarily dismissed.

## I. Plaintiff's Allegations

Plaintiff purports to be a mentally ill, vulnerable adult. The defendants are Dr. Joseph R. Burtch and an unidentified psychologist at the Thumb Correctional Facility in Lapeer, Michigan. Plaintiff alleges that, during the times in question, he was confined at the Thumb Correctional Facility and the defendants were contracted employees of the Michigan Department of Corrections. Plaintiff further alleges that the defendants took advantage of him by sexually assaulting him in violation of his rights under the Eighth Amendment. (ECF No. 1, PageID.1-3.)

More specially, Plaintiff alleges in exhibits to the complaint that, during three medical examinations for a pre-existing groin injury, Dr. Burtch touched Plaintiff's penis and testicles while fondling himself for his own sexual pleasure. Further, when Plaintiff reported the incidents to his psychologist, he was told that he was imagining what happened. A nurse, however, subsequently informed Plaintiff that Burtch was barred from the Michigan Department of Corrections for similar conduct. (Comp., Ex. 1, ECF No. 1-1, PageID.9; Compl., Ex. 2, ECF No.1-2,

PageID.11; Comp., Ex. 3, ECF No.1-3, PageID. 14; and Compl., Ex. 4, ECF No.1-4, PageID.20.)

Plaintiff pursued administrative remedies under the Prison Rape Elimination Act (PREA) in 2017. On December 11, 2017, the manager of the Internal Affairs Section of the Michigan Department of Corrections informed Plaintiff that his PREA grievance had been investigated and that there was insufficient information or evidence to support Plaintiff's allegations of sexual abuse. (Compl., Ex. 3, ECF No.1-3, PageID.18.)

## II. Discussion and Order

### A. The Filing Fee

As a preliminary issue, the Court must examine Plaintiff's failure either to pay the filing fee for this case or to apply in the proper manner for leave to proceed without prepayment of the filing fee. An individual who wishes to bring a civil action without prepayment of fees must submit a financial affidavit that includes a statement of the individual's assets and an assertion that the individual is unable to pay the fees or provide security therefor. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of his or her trust fund account statement

for the six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Although Plaintiff has submitted a certified statement of his institutional trust fund account (ECF No. 2), Plaintiff has not yet submitted any application for leave to proceed without prepayment of the filing fee and costs for this action. The Court, therefore, **ORDERS** that within thirty (30) days of the date of this Order, Plaintiff shall either **PREPAY** the filing fee of $350.00, plus an administrative fee of $50.00, for a total of $400.00, to the Clerk of this Court—**OR**—in the alternative, shall **SUBMIT TO THE COURT** a signed and completed application to proceed without prepayment of the fees and costs for this action. Failure to comply with this order could result in the dismissal of this action.

### B. The Statute of Limitations

But there is another potential problem with Plaintiff's case that Plaintiff must address: whether the claims in Plaintiff's complaint are barred from review by the statute of limitations for civil actions. "Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983 . . . ." Nevertheless, "[w]hen such a void occurs, [the Supreme Court] has

4

repeatedly 'borrowed' the state law of limitations governing an analogous cause of action." *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483–84 (1980).

> In *Wilson v. Garcia*, 471 U.S. 261, 276–280, 105 S. Ct. 1938, 1947–1950, 85 L.Ed.2d 254 (1985), the Supreme Court held that the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury. Subsequently, in *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.), *cert. denied*, 479 U.S. 923, 107 S. Ct. 330, 93 L.Ed.2d 302 (1986), [the Federal Court of Appeals for the Sixth Circuit] held that Michigan's three year statute of limitations for personal injury claims, Mich. Comp. Laws Ann. § 600.5805(8) (West 1987), governs section 1983 actions when the cause of action arises in Michigan.

*McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Because this cause of action arose in Michigan, the applicable statute of limitations is Michigan's three-year statute of limitations for personal injury claims.

Plaintiff submitted Exhibits in support of his complaint that indicate that the incidents at issue occurred in 2007 and 2008. *See* Compl., Exs. 1-4, ECF Nos. 7-1 to 7-4. Plaintiff did not file his complaint until April 2020. If the complaint has been filed more than three years after the incidents happened forming the basis of the legal claims, the

5

complaint would be barred by Michigan's three-year statute of limitations for personal injury claims. Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff shall either voluntarily dismiss his complaint or show cause within thirty (30) days of the date of this Order why his complaint should not be dismissed for having been filed outside the applicable statute of limitations period. Failure to comply with this Order could result in the dismissal of the complaint for failure to prosecute.

Dated: July 28, 2020  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE