## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **ERIC GARDNER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSEPH R. BURTCH and UNKNOWN PSYCHOLOGIST,**<br><br>Defendants. | **20-CV-11001-TGB-MJH**<br><br>**OPINION AND ORDER GRANTING PERMISSION TO PROCEED WITHOUT PREPAYING FILING FEE, DIRECTING PAYMENT OF INITIAL PARTIAL FILING FEE AND SUBSEQUENT PAYMENTS, AND DISMISSING COMPLAINT WITH PREJUDICE** |

Plaintiff Eric Gardner, a Michigan prisoner at the Handlon Correctional Facility in Ionia, Michigan, filed a pro se complaint for money damages on April 7, 2020. ECF No. 1. Plaintiff filed his complaint in the United States District Court for the Western District of Michigan, which transferred the case to this District because the events giving rise to Plaintiff's complaint occurred in this District. ECF No. 3. On receipt of the case, the Court noticed that Plaintiff had not paid the filing fee, and it appeared that he also had not applied for permission to proceed without prepaying the fee. It further appeared to the Court that Plaintiff's complaint was barred by the relevant statute of limitations. Accordingly, the Court ordered Plaintiff to prepay the filing fee or to apply for permission to proceed in forma pauperis and to show cause why his

complaint should not be summarily dismissed for failure to comply with the applicable statute of limitations. ECF No. 5.

Plaintiff timely responded to the Court's order by (1) submitting an application to proceed without prepaying the filing fee, and (2) asking the Court to toll the limitation period. ECF No. 9. For reasons stated below, the Court will grant the application to proceed without prepaying the filing fee but dismiss the complaint for failure to comply with the applicable statute of limitations and failure to show entitlement to equitable tolling of the limitation period.

## I. BACKGROUND

Plaintiff purports to be a mentally ill, vulnerable adult. The defendants are Dr. Joseph R. Burtch and an unidentified psychologist. Plaintiff alleges that, during the time in question, he was confined at the Thumb Correctional Facility in Lapeer, Michigan and Defendants were employed there. The basis for Plaintiff's complaint is that Dr. Burtch sexually assaulted him and that the unnamed psychologist failed to report the abuse when Plaintiff informed him of the sexual assaults.

Plaintiff's statement of facts, as alleged in the Complaint and exhibits, indicate that during three medical examinations for a pre-existing groin injury in 2007 or 2008, Dr. Burtch touched Plaintiff's penis and testicles while fondling himself for his own sexual pleasure. When Plaintiff reported the incidents to his psychologist, he was told that he was imagining what happened. A nurse, however, informed Plaintiff in

2

2016 that Dr. Burtch was no longer permitted to work in the State's prisons because he had engaged in similar conduct with other prisoners. ECF No. 1-1, PageID.9; ECF No. 1-2, PageID.11; ECF No. 1-3, PageID.14; ECF No. 1-4, PageID.20.

In 2017, Plaintiff pursued administrative remedies with the Michigan Department of Corrections (MDOC). He filed an administrative grievance against the unknown psychologist and an administrative complaint against Dr. Burtch under the Prison Rape Elimination Act (PREA). The grievance against the psychologist was dismissed as untimely and duplicative of allegations in the PREA complaint. ECF No. 1-4, PageID.21, 23. The PREA complaint was investigated, but no action was taken because investigators found insufficient evidence to support Plaintiff's allegation of sexual abuse. ECF No. 1-3, PageID.17-18.

Several years later, Plaintiff filed his complaint in the Western District of Michigan. Although Plaintiff does not state that he is bringing his complaint under 42 U.S.C. § 1983, that statute provides the logical basis for the Court's jurisdiction because Plaintiff seeks money damages from state officials for alleged violations of his rights under the Eighth Amendment to the United States Constitution. ECF No. 1, PageID.3-4; *see, e.g.*, *Bankhead v. MSP Med. Health Serv.*, No. 07-11225, 2007 WL

4098225, at *1 (E.D. Mich. Nov. 16, 2007). The Court therefore construes the complaint as one brought under 42 U.S.C. § 1983.[1]

On July 28, 2020, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to comply with the statute of limitations for civil rights actions. ECF No. 5. The Court pointed out that the applicable statute of limitations was Michigan's three-year statute of limitations for personal injury claims and that the incidents at issue allegedly occurred in 2007 and 2008. The Court concluded that, if the complaint was filed more than three years after the incidents which formed the basis for Plaintiff's legal claims, the complaint would be barred by Michigan's three-year statute of limitations for personal injury claims. *Id*. at PageID.7-8.

In his response to the Court's order to show cause, Plaintiff does not deny his complaint was filed more than three years after the incidents in question. Instead, he seeks equitable tolling of the statute of limitations under MICH. COMP. LAWS § 600.5851. ECF No. 9, PageID.18-20.

---

[1] The Court must construe pro se complaints liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that the Supreme Court holds the allegations of pro se complaints "to less stringent standards than formal pleadings drafted by lawyers"); *Luis v. Zang*, 833 F.3d 619, 630 (6th Cir. 2016) (noting that the appellate panel was required to "liberally construe [the plaintiff's] pro se complaint"); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (stating that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings").

Plaintiff states that as a result of the alleged abuse, he continues to experience emotional trauma, he can no longer function in the general population, and he suffers from severe diminished capacity. *Id*. at PageID.20. He wants the Court to serve his complaint on Dr. Burtch and on the unknown psychologist. *Id*.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff's response to the Court's order to show cause includes the application to proceed in forma pauperis that he apparently submitted to the Federal Court in the Western District of Michigan. ECF No. 9, PageID.24, 26. Although Plaintiff did not attach a certified statement of his trust fund account to his application, the application indicates that he has been unemployed since 2002, that he did not receive any money from various sources within the past twelve months, and that he has no cash in a checking or savings account. *Id*. at PageID.24. Plaintiff also states that he does not own any valuable property. *Id*. at PageID.26.

The Court concludes that Plaintiff is indigent and should be permitted to proceed without prepaying the filing fee for this action. Nevertheless, because he is a prisoner, Plaintiff shall be responsible for eventually paying the full filing fee. 28 U.S.C. § 1915(b)(1).

Accordingly, the Court orders the Michigan Department of Corrections to calculate, and when funds exist to withdraw, an initial partial filing fee from Plaintiff's prison account. The initial partial filing fee shall consist of twenty percent of the greater of (1) the average

5

monthly deposits to Plaintiff's prison account or (2) the average monthly balance in Plaintiff's account for the six-month period immediately preceding the filing of the complaint. *Id*. The Department of Corrections shall forward the initial partial filing fee to the Clerk of this Court.

After Plaintiff pays an initial partial filing fee, he must make monthly payments of twenty percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The Department of Corrections shall forward monthly payments from Plaintiff's prison account to the Clerk of the Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. *Id*.

## III. STANDARD OF REVIEW

Having granted Plaintiff permission to proceed initially without prepaying the filing fee, the Court is required to screen the complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Grinter v. Knight*. 532 F.3d 567, 572 (6th Cir. 2008). To prevail on claims brought under § 1983, Plaintiff must prove two things: "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above

the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Under *Twombly* and *Iqbal*, a complaint is accepted as true, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV. ANALYSIS

### A. Statute of Limitations

Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the Supreme Court has stated that if the allegations in a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (explaining that, although the statute of limitations is an affirmative defense and the defendants bore the ultimate burden of proof on that issue, "[a] complaint is subject to dismissal without any further proof 'if the allegations . . . show that

7

relief is barred by the applicable statute of limitations'") (quoting *Jones*, 549 U.S. at 199); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (concluding that the district court's summary dismissal of some of the prisoner's claims as frivolous was proper because the claims were barred by the applicable statute of limitations).

"Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983 . . . ." *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483 (1980). Nevertheless, "[w]hen such a void occurs, [the Supreme Court] has repeatedly 'borrowed' the state law of limitations governing an analogous cause of action." *Id*. at 483-84. The Sixth Circuit has discussed this "borrowing" in the context of personal injury claims in Michigan:

> In *Wilson v. Garcia* . . . the Supreme Court held that the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury. Subsequently, in *Carroll v. Wilkerson* . . . [the Sixth Circuit] held that Michigan's three year statute of limitations for personal injury claims, Mich. Comp. Laws Ann. § 600.5805(8) (West 1987), governs section 1983 actions when the cause of action arises in Michigan.

*McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Because this cause of action arose in Michigan, the applicable statute of limitations is Michigan's three-year statute of limitations for personal injury claims.

So, the issue here is whether Plaintiff's claims fail to state a claim due to the expiration of the applicable statute of limitations. The incidents in question here occurred in 2007 or 2008, but

Plaintiff did not file his complaint until April 2020. Therefore, his complaint is untimely unless the limitation period was tolled.

## B. Tolling

In support of his argument that the statute of limitations should be tolled, Plaintiff relies on MICH. COMP. LAWS § 600.5851, which states in relevant part:

> if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.
>
> ***
>
> To be considered a disability, the infancy or insanity must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall not recognize the disability under this section for the purpose of modifying the period of limitations.

MICH. COMP. LAWS §§ 600.5851(1), 600.5851(3).

So, if "the plaintiff is deemed insane at the time the claim accrues, the plaintiff is permitted a 'year of grace' from the time when the disability is removed in which to file his or her claim." *English v. Bousamra*, 9 F. Supp. 2d 803, 808 (W.D. Mich. 1998). "To prevent the one-year period from beginning to run, this condition of incapacity must be continuous," and the plaintiff "bear[s] the burden of demonstrating that [he or she is] entitled to the benefit of this statute." *Id.* (citing MICH. COMP. LAWS § 600.5851(4), which currently states that "[a] person shall

not tack successive disability"); *see also Britt v. Smith*, 9 F. App'x 409, 411 (6th Cir. 2001) ("[t]he burden of demonstrating that an action is not barred by the applicable statute of limitations rests with the plaintiff").

The term "insane," as used in § 600.5851(1), "means a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." MICH. COMP. LAWS § 600.5851(2). Courts have defined "mental derangement" to mean, among other things,

> that plaintiff . . . was "unable to attend to personal and business affairs," "that it was necessary to explain to [plaintiff] matters the ordinary person would understand," and that "he was unable to comprehend simple legal procedures."

*English,* 9 F. Supp. 2d at 809 (quoting *Davidson v. Baker–Vander Veen Construction Co.,* 192 N.W.2d 312, 313 (Mich. App. 1971)). "Thus, only a severe mental impairment will justify excusing plaintiff from bringing suit." *Id.*

Plaintiff alleges that he is housed in a residential treatment program due to being mentally ill (¶ 1, ECF No. 9, PageID.17), and that he is writing his response with assistance from a legal writer program. *Id.* at ¶ 5.B, PageID.18. He further alleges that he has received psychiatric care for mental illness since his incarceration in 2002. *Id.* at ¶ 5.A, PageID.18.

10

To further support his tolling argument, Plaintiff alleges that, at the time of the sexual assaults, there was no administrative procedure for reporting sexual assaults on prisoners, his psychologist did not believe his allegations of abuse, there was insufficient evidence to state a claim, and he feared retaliation if he accused Dr. Burtch of sexual abuse. *Id.* at ¶ 5.E, PageID.19. Plaintiff concludes that any attempt to file a complaint against the defendants would have been dismissed. *Id.*

Plaintiff states that he finally acquired evidence to substantiate his claim in 2016 when he learned that MDOC had banned Dr. Burtch from working for MDOC due to Burtch's similar conduct with other prisoners. *Id.* at ¶ 5.G, PageID.20. Plaintiff then filed his administrative complaint under PREA, and his civil rights complaint followed. *Id.*

Although Plaintiff alleges that he has received psychiatric care for his mental illness since being incarcerated in 2002, he has not submitted any documentation showing that he was mentally incapacitated in 2007 and 2008 when his claims accrued. The documents that he did submit in response to the Court's order to show cause were prepared in 2016 and 2019. The 2016 documents indicate that Plaintiff had a mental disability or was receiving special education services at the time (ECF No. 9, PageID.28) and that he was receiving mental health services as an outpatient. *Id.* at PageID.29. A document from June of 2019 indicates that Plaintiff was assessed by MDOC's Bureau of Health Care Services (BHCS) and found to be suffering from recurrent and moderate

depression, polysubstance dependence, and antisocial personality disorder. ECF No. 9, PageID.30. On October 29, 2019, his problems were described as (1) suicidal thoughts and suicidal actions and (2) depression and anxiety. *Id*. at PageID.31.

Despite the seriousness of these conditions, none of the documents Plaintiff has submitted indicate his mental condition met the statutory definition for being insane or mentally deranged when the alleged abuse occurred. He has not shown that he was prevented from comprehending his rights or was unable to comprehend simple legal procedures when his claims accrued. In fact, he appears to have been acutely aware of what was happening during the alleged abuse and to have immediately reported the abuse to his psychologist. ECF No. 1-1, PageID.9.

Plaintiff has not shown that he was mentally deranged at the time of the incidents in question. Therefore, he is not entitled to equitable tolling of the limitations period under MICH. COMP. LAWS §§ 600.5851, and his complaint is subject to dismissal. *See Britt*, 9 F. App'x at 411 (concluding that, because there was no evidence the plaintiff suffered from a disability when his claim accrued, he failed to carry his burden of showing entitlement to equitable tolling under § 600.5851, and his claims were properly dismissed); *see also Hight v. City of Ferndale*, 25 F. App'x 356, 357 (6th Cir. 2002) (rejecting the plaintiff's argument that his mental illness tolled the time for filing, because plaintiff did not carry his burden of establishing he was mentally ill at the time of the incident).

Even if Plaintiff was incapacitated when his claims accrued, he must show he has been continuously incapacitated from the time of the incidents in question until at least one year before he filed his complaint. *English*, 9 F. Supp. 2d at 808. A "misconduct sanction assessment" dated December 20, 2016, states that, although Plaintiff was receiving mental health services for a mental disability at the time, he knew right from wrong and was capable of following MDOC rules. ECF No. 9, PageID.28. Plaintiff's pursuit of legal and administrative remedies in 2016, 2017, and 2018 also undermines any suggestion that he has been continuously disabled. He wrote to the Lapeer County Prosecutor's Office in 2016 and stated that he wanted to file a criminal complaint against Dr. Burtch for sexually assaulting him in 2007-2008. ECF No. 1-1, PageID.9.

In addition, on August 24, 2017, Plaintiff used MDOC's grievance procedures to file two administrative grievances: one against Burtch (ECF No. 1-2, PageID.11), and one against the social worker and psychologist who did not believe his allegations. ECF No. 1-4, PageID.20. He also appealed the rejection of his grievance against the social worker and psychologist. *Id.* at PageID.23-25. These documents tend to refute the suggestion that Plaintiff suffers from "severe diminished capacity," (ECF No. 9, PageID.20), and that he has been continuously incapacitated since 2007 and 2008 when the alleged assaults occurred.[2]

---

[2] The Court recognizes the statute of limitations is tolled while a prisoner exhausts administrative remedies. *Surles*, 678 F.3d at 458

## CONCLUSION

Plaintiff's complaint is untimely, and he has failed to show he is entitled to equitable tolling of the statute of limitations. The complaint will therefore be summarily **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(b) and 1915A(b) for failure to state a plausible claim for relief. The Court also certifies that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

According, the Complaint is **DISMISSED** with prejudice.

**SO ORDERED**, this 30th day of December, 2020.

BY THE COURT:


s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

---

(citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)). But Plaintiff has not shown that he was mentally incapacitated during the incidents in question, and he waited at least nine years after the incidents to pursue administrative remedies. While pursuing administrative remedies, he appeared to be mentally competent, as he demonstrated an ability to understand the proceedings. He then waited more than a year after exhausting administrative remedies to file his civil rights complaint. It appears, therefore, that tolling for exhaustion of administrative remedies does not help Plaintiff.